ROEMER *v.* NEUMANN and others.[1]

*(Circuit Court, S. D. New York. December 30, 1885.)*

1. PATENTS FOR INVENTIONS—CONSTRUCTION OF CLAIM.
    Details of construction will not be construed to be essential features of a claim, in order to sustain its validity, where the claim does not in any way refer to such details, and the references thereto in the specification are merely recommendatory.
2. SAME—DEVICE SHOWN BUT NOT CLAIMED.
    The drawings of the patent showed a lock-case having recessed or notched end-pieces, but no reference, in terms, to notches or recesses was found in the specification or claims. *Held*, that this fell far short of making the notches or recesses an essential feature of the claims.

In Equity.

*F. H. Betts, J. Van Santvoord,* and *W. C. Hauff,* for defendants.

*Briesen & Steele,* for complainant.

WALLACE, J. The only question not disposed of at the hearing of this cause was whether the complainant is entitled to a decree because locks like that known as "Exhibit A, Infringing Lock," are an infringment of the patent. The locks like those known as "Exhibit Neumann, First Lock," "Exhibit Neumann, Satchel," and "Exhibit Neumann, Lock No. 2," were held not to be infringements. No doubt is entertained that this lock is, in all its essentials, similar to the lock made by the complainant and shown in the drawings of his patent, and no hesitation would be felt in pronouncing it an infringement if the claims of the patent were good.

Reported by Charles C. Linthicum, Esq., of the Chicago bar.

It is conceded by the counsel and by the expert for the complainant that unless the claims of the patent can be limited by construction so as to make end-pieces, provided with notches or recesses to hold handle rings or catches, constituents of the claims, they are void for want of novelty, in view of the prior state of the art. The invention which is the subject of the patent relates to improvements in the construction of lock-cases in the class of locks usually employed on the outer jaws of satchels, traveling bags, or similar receptacles, some kinds of which are made with notches or recesses so as to retain the handle rings of the satchel. The invention consists principally in forming the body of the lock-case with open ends, and in combining the same with cast blocks or end-pieces which are separately made in order to improve the lock-case in simplicity of form and reduce the expense of manufacture. The body of the lock-case is to be made of sheet-metal or other suitable material bent into a U form; the bottom of the case being open, and also the ends. The end-pieces, which are to be inserted into the body of the lock-case, in the specification are described as follows:

"B, B, are pieces of cast-metal or other suitable material constructed to fit into the open ends of the body, A, into which these blocks or plugs, B, B, are inserted, as clearly shown in figure 2. Each block, B, should have a shoulder, *d*, to limit the degree of its insertion into the shell, A, or of the insertion of the shell into the block. In use on a satchel or carpet-bag, the ends, B, B, after being inserted into the shell, A, or *vice versa*, in manner stated, are fastened to the satchel or bag by a bolt or pin that passes through an aperture, *e*, of the shell, A, and through a corresponding aperture, *f*, of the block, B; there being one such bolt or pin at or near each end of the piece, A; but the plugs or end-pieces, B, B, may also be secured by additional or separate bolts, if desired, and so also may the shell, A. The blocks, B, may also serve, if desired, to secure the ends of the handle or the catches which close the jaws of the bag, and for other suitable purposes."

The claims are as follows:

"(1) In a lock-case, the combination of the body, A, having open ends, with the end-pieces, B, B, that are applied thereto, substantially as herein shown and described. (2) The end-pieces, B, B, of a lock-case, made with shoulders, *d*, for defining their position relative to the body, A, substantially as and for the purpose specified."

There is no reference in terms, either in the specification or the claim, to notches or recesses in the end-pieces. The drawings, however, show the end-pieces formed with notches or recesses, and the patentee incidentally refers to a use to which the end-pieces may be applied in which inferentially the notches or recesses would be necessary. This falls far short of making the notches or recesses an essential feature of the invention. It cannot be doubted that the reference in the specification is to be treated merely as recommendatory of a form of lock-plate for a specified use, such as is shown in the drawing.

The claim is not fairly capable of the construction contended for by the complainant, and the bill must be dismissed.